UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| FORREST W. FRANKLIN and ) | |
| SHANA L. FRANKLIN, ) | |
| ) | |
| Debtors. ) | Case No. 4:10CV1984 JCH |

# **ORDER**

This matter is before the Court on Movant Tower Loan of Missouri, Inc.'s Amended Motion to Withdraw Reference of Case to the United States District Court for the Eastern District of Missouri, filed October 21, 2010. (Doc. No. 2). By way of background[1], on September 14, 2010, United States Bankruptcy Court Judge Kathy A. Surratt-States entered an order setting a meeting of creditors ("341 Meeting") in the underlying bankruptcy proceeding for October 21, 2010. (Cause No. 2:10-bk-20502, Doc. No. 8). On September 27, 2010, Movant filed a Contested Motion for Order to Conduct Examination under Rule 2004. (Id., Doc. No. 15). In its motion, Movant asserted that although it had agreed to an October 21, 2010, 2004 Examination in Hannibal, Missouri, Debtors maintained they would require a court order to submit to the examination. (Id.). Movant further filed a Motion to Continue Section 341 Examination in the underlying proceeding on October 10, 2010. (Id., Doc. No. 21).

On October 12, 2010, Judge Surratt-States entered an Order stating in relevant part as follows:

> Counsel for Debtors objects in part to a 2004 Examination because counsel for Creditor indicated that he would not attend the 341 Meeting of Creditors. Counsel for Creditor indicated a hesitation to attend the 341

---

[1] The Court's background section is derived from its review of the docket entries in the underlying bankruptcy proceeding in this matter, Case No. 2:10-bk-20502.

> Meeting of Creditors because he would not be allowed ample time to question Debtors due to the number of cases set. As counsel for Debtors stated and the Court is aware, the number of cases set in the Northern Division of the District is much smaller in number than the other two divisions, therefore there is more time available in the Northern Division for creditors to question debtors at the 341 Meeting of Creditors. Thus the Court will not order the Rule 2004 Examination at this time, but will continue the matter; therefore
>
> **IT IS ORDERED THAT** the hearing on the Motion for Order to Conduct Examination Under Rule 2004 is continued to **October 28, 2010 at 1:30 p.m.**, for a telephonic hearing.

(Cause No. 2:10-bk-20502, Doc. No. 24). In a separate Order entered October 13, 2010, Judge Surratt-States denied Movant's Motion to Continue Section 341 Examination, stating that the Chapter 13 Trustee was the appropriate party to grant such a request. (Id., Doc. No. 27). Finally, on October 18, 2010, in response to Movant's Expedited Motion for Court to Clarify its Order of October 12, 2010, Judge Surratt-States held in relevant part as follows:

> The Court made these statements [as quoted above] and continued the hearing on the Motion for Order to Conduct Examination Under Rule 2004 to allow the 341 Meeting of Creditors to be held and *to allow* Tower Loan of Missouri, Inc. to appear at the 341 Meeting of Creditors to question Debtors. Therefore, upon consideration of the record as a whole,
>
> **IT IS ORDERED THAT** the Expedited Motion for Court to Clarify Its Order of October 12, 2010 is GRANTED and this Court's Order of October 12, 2010 is clarified in that the hearing on the Motion for Order to Conduct Examination Under Rule 2004 was continued to allow the 341 Meeting of Creditors to be held and *to allow* Tower Loan of Missouri, Inc. to appear at the 341 Meeting of Creditors to question Debtors.

(Id., Doc. No. 30 (emphasis added)).

As stated above, Movant filed the instant Amended Motion to Withdraw Reference of Case to the United States District Court for the Eastern District of Missouri in this Court on October 21, 2010. (Doc. No. 2). As the Court construes its motion, Movant requests that this Court withdraw its reference of the underlying bankruptcy case, because Judge Surratt-States' order allegedly requiring Movant's counsel to attend the 341 Meeting, "has the effect of setting up a requirement that

a creditor must appear at a section 341 hearing to preserve its right to a Rule 2004 examination." (Id., P. 2). Movant maintains Judge Surratt-States' ruling, "has the effect of changing the local rule without the acquiescence of the other members of the court," and further, "has [the] effect of changing creditors' rights in every district in the United States which would require counsel to attend every Section 341 hearing and ask questions that only counsel is trained to ask merely to preserve creditor's rights to later proceed in a Rule 2004 exam when and if fraud is suspected." (Id.).

Upon consideration, the Court will deny Movant's motion, for two reasons. First, this Court's reading of Judge Surratt-States' ruling indicates she did not *require* Movant's counsel to attend the 341 Meeting, but merely postponed consideration of Movant's Motion for Order to Conduct Examination under Rule 2004 in order to *allow* counsel to do so. Second, the Court finds Movant's motion was prematurely filed in any event, as Judge Surratt-States has not yet denied Movant's Motion for Order to Conduct Examination Under Rule 2004; rather, she has set the motion for an upcoming hearing on October 28, 2010. Movant thus has suffered no injury at this point, and so the Court will deny the requested relief.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Movant Tower Loan of Missouri, Inc.'s Amended Motion to Withdraw Reference of Case to the United States District Court for the Eastern District of Missouri (Doc. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is ordered to administratively close this matter.

---

[2] In any event, the Court does not view Judge Surratt-States' order as altering the framework of the bankruptcy rules, changing creditors' rights in every district in the country, or violating the Fifth Amendment to the United States Constitution.

Dated this 25th day of October, 2010.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE